The People of Puerto Rico, Plaintitiff and Appellee, *v.* Pedro Lorenzano, Defendant and Appellant.

No. 7844. Argued November 6, 1939.—Decided January 10, 1940.

*Pedro Lorenzano,* in his own right.   *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The District Attorney for the District of San Juan filed an information against Pedro Lorenzano and Benito Colón which alleged that they had committed a crime of false personation in the following manner:

"The said Pedro Lorenzano and Benito Colón, on or about one of the days of the month of February, 1937, and in the City of San Juan, Puerto Rico, which forms a part of the judicial district of the same name, knowingly and intentionally and through false and fraudulent simulations and with the criminal intention of obtaining the possession of a sum of $146.00 belonging to the commercial partnership which does business under the name of Irizarry Hermanos, in San Juan, and with the intention of deceiving and defrauding said Irizarry Hermanos and of depriving them of the said sum of money, falsely and fraudulently simulated and represented to Irizarry Hermanos that Benito Colón was the person known as Juan Mercado in whose name a check had been issued for the sum of $146.00 by the corporation 'The People of Puerto Rico', said simulation being false and fraudulent, since it was not true that Benito Colón was Juan Mercado, or that is, the person in whose name said check for $146.00 had been issued, it being likewise false that Juan Mercado, or that is, the person in whose favor said check had been issued had s'gned or authorized the accused Pedro Lorenzano and Benito Colón, or any other person to endorse and collect said check, and the defendant knew then and there that such a simulation was false and fraudulent, having been made by them for the purpose of inducing Irizarry Hermanos to pay the check and deliver to them the sum of $146.00, and the partnership Irizarry Hermanos believing that said false simulation was true and induced only through that fact then and there delivered to the defendants Pedro Lorenzano and Benito Colón said sum of money and thereby Irizarry Hermanos were defrauded illegally and fraudulently of the total amount of $146."

In the act of the arraignment Lorenzano and Colón appeared personally and the latter represented by his attorney.

The former stated that his attorney would be Celestino Iriarte, plead not guitly and asked for a trial by jury,

At the trial Lorenzano appeared by his attorney Héctor González Blanes. After the evidence for The People was given, the defense requested the court to order the jury to retire to raise a question of law. This was done and the the defense asked the court to instruct the jury to render a verdict of not guilty because the evidence of The People was not sufficient. After the motion was argued it was denied.

The jury returned to the court room. The defense stated that they submitted their case on the evidence for The People. The court gave the necessary instructions to the jury and the jury returned a verdict of guilty. On the third of June 1938, the court sentenced the accused to four years in prison at hard labor. Lorenzano appealed and in a brief filed by him personally he maintains that as the court did not postpone the trial as he prayed for, it deprived him of his right to obtain the real aid of an attorney which is guaranteed to him by the Constitution; that the prosecution should have been dismissed because more than 120 days had elapsed between the filing of the information and the hearing of the case and that he was left defenseless when the court did not allow him to prove his defense, an alibi.

The Prosecuting Attorney of this Court filed his brief according to the rules and when it was notified to the appellant he filed another brief in answer. The hearing of this appeal was held on the 6th of last November and only the prosecuting attorney appeared.

 The first alleged error is not upheld by the record. It also has no basis. It is not upheld by the record because in no part of the same does it appear that any petition was filed for the postponement of the trial. And it has no basis because what the record does show is that the accused was assisted by counsel during the trial and defended by him and if it is true that he appeared at the arraignment without an

attorney, he stated that he had one and pleaded not guilty and requested a trial by jury.

It does not appear from the record either that the petition for the filing away to which the second alleged error refers was presented so that there is no basis on which to consider and decide the question.

The same is true of the third error alleged. From the record there appears no bar whatsoever to the presentation by the accused of his defense of an alibi, if he had it. On the contrary, it appears from the record that when the motion for a directed verdict was denied, the accused rested on the evidence of The People, whose insufficiency he had alleged.

■ We have examined that evidence and in our opinion it is sufficient. It shows in a convincing manner that although it was not Lorenzano who collected the check and made the false representation directly to Irizarry Hermanos which culminated in the fraud, it was he who concocted the scheme and who sent his co-defendant Colón and the witness Sanz with the check to the partnership Irizarry Hermanos.

Therefore, the judgment appealed from must be affirmed.